[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE
The issue is whether the defendants' motion to strike Count Two of the plaintiff's complaint should be granted.
On July 25, 1996, the plaintiff, Darlene Madore, filed a two count complaint sounding in negligence and recklessness, pursuant to General Statute § 14-295 against the defendants, Kimberly and Valerie Busa. This action arose out of an automobile accident that occurred between Darlene Madore (Ms. Madore) and Kimberly Busa. Kimberly Busa was driving Valerie Busa's automobile at the time of the accident.
On December 16, 1996, the defendants, Kimberly and Valerie Busa, filed a motion to strike Count Two of Ms. Madore's complaint. Kimberly and Valerie Busa move to strike Count Two of the complaint on two grounds: 1) Ms. Madore failed to sufficiently plead reckless or intentional conduct by Kimberly Busa in order to invoke § 14-295; and 2) Double and treble damages may not be imputed to Valerie Busa, the owner of the vehicle, pursuant to § 14-295.
Valerie and Kimberly Busa assert that in Count Two, Ms. Madore has merely alleged that Kimberly Busa violated statutes enumerated in § 14-295 without any factual specificity. Ms. Madore counters that she has specifically pleaded that the defendants deliberately or with reckless disregard operated a motor vehicle in violation of §§ 14-218a and 14-222, and that these allegations are sufficient to support a recklessness claim pursuant to § 14-295.
"A split of authority exists in the superior courts as to the degree of specificity required when alleging a cause of action in CT Page 5547 recklessness pursuant to § 14-295." Castillo v. Caporani,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.)[1] Some superior courts require plaintiff to allege specific reckless acts when pleading a claim pursuant to § 14-295. See, e.g., Pitka v.Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 15, 1994, Austin, J.). Other superior courts have held "that to sufficiently allege a cause of action under § 14-295, the plaintiff need only plead that the defendant has violated one of the enumerated statutory provisions and that such violation was a substantial factor in causing the plaintiff's injury." Castillo v. Caporani, supra, Superior Court, Docket No. 329702.
"The plain language of § 14-295 favors the more liberal pleading requirements articulated in Spencer v. King, [Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) and Castillo v.Caporani, supra,] and the line of cases in accord with that decision." Bavolacco v. Medalis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324479 (September 14, 1995, Ballen, J.). Therefore, the court adopts the "more liberal" pleading requirement.
Ms. Madore alleged in Count Two that Kimberly Busa violated §§ 14-218a and 14-222, two of the statutes enumerated in §14-295. Ms. Madore further alleged that these violations were a substantial factor in causing her injuries. Therefore, Ms. Madore sufficiently plead a recklessness claim pursuant to §14-295. Accordingly, the defendants' motion to strike on this ground is denied.
Kimberly and Valerie Busa next argue that Count Two of Ms. Madore's complaint should be stricken because § 14-295 does not permit the imposition of punitive damages on the owner of a vehicle.
Ms. Madore counters that punitive damages may be imputed to the owner of a vehicle pursuant to §§ 52-183 and 14-295.
There is a split of authority among the superior courts whether a motor vehicle owner may be vicariously liable for the reckless operation of their vehicle pursuant to §§ 52-183 and14-295.[2] Zarcu v. Keith, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057132 (June 26, 1997, CT Page 5548 Flynn, J.).
Some courts determined that a defendant owner could be vicariously liable for reckless operation based on the Supreme Court's decision in Gionfriddo v. Avis Rent A Car System Inc.,192 Conn. 280, 290, 472 A.2d 306 (1984). In Gionfriddo v. AvisRent A Car System Inc., supra, the Supreme Court held that an owner lessor can be vicariously liable for reckless operation of its vehicle pursuant to § 14-154a[3] and § 14-295. Id. The basis for this holding appears to be that, § 14-154a
specifically states that the person renting or leasing an automobile "shall be liable for any damages "caused by the operation of such motor vehicles . . . to the same extent as the operator would have been liable if he had also been the owner."
Other superior court hold that an employer owner may not be held vicariously liable for punitive damages because, "[section]14-295 and § 52-183 do not contain language explicitly allowing for an expansion of the common law restraint on the imposition of multiple damages upon defendant owners whose liability is vicarious . . ." Marin v. Plaskawicki,[4] Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994, Maiocco, J.). These courts reject the analysis of other superior courts that rely on Gionfriddo v. AvisRent A Car System Inc., supra, to impose vicarious
In the present case, Ms. Madore alleged that Kimberly Busa operated Valerie Busa's automobile at the time of the accident "as a family car, pursuant to Section 52-182 of the Connecticut General Statutes or as her agent within the meaning of Section 52-183 of the Connecticut General Statutes. . ." (Complaint, Count Two, ¶ 2).
Defendants' motion to strike count Two of Plaintiffs' complaint is hereby granted.
KULAWIZ, J.